UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

EARLE KELLY, et al.

    Plaintiff

    v.                                                                                   Civil No. 97-2265

LOCKHEED MARTIN SERVICES
GROUP, et al.

    Defendants

### ORDER

    Plaintiffs have filed a motion to strike Dr. José Franceschini and Dr. Carlos Grovas as Defendants' expert witnesses (Docket No. 50) and a motion for a protective order that would require all parties to strictly adhere to the case's management schedule (Docket No. 51). Plaintiffs argue that neither of the above expert witnesses rendered their Rule 26 reports within the case's schedule and, thus, they should be struck as witnesses.

    Defendants respond to Plaintiffs' motion to strike arguing that their expert's noncompliance with the case's deadlines were due, in large part, to Plaintiff's lack of availability for examination and failure to produce all necessary and requested documents. Further, Defendants advance that Plaintiffs do not have clean hands on the discovery issue and that all parties agreed to certain modifications to the discovery schedule. Both Plaintiffs and Defendants have, as to different aspects of discovery, benefitted from these modifications.

    It is well-settled law that a district court has ample discretion in handling pre-trial management matters and that the exclusion of an expert witness for failure to comply with case-management schedules is generally imposed as an extreme sanction for deliberate or wilful dilatory conduct. See Ayala Gerena v. Bristol Myers Squibb, 95 F.3d 86, 91 (1st Cir. 1996) (trial judge has broad discretion in ruling on pre-trial management matters); Serrano Pérez v. FMC Corp., 985 F.2d 625, 628 (1st Cir. 1993) (broad discretion of district courts in managing the litigation before it includes the control of pretrial discovery); Freund v. Fleetwood Enterprises, 956 F.2d 354 (1st Cir. 1992) (exclusion of expert testimony as sanction for unjustified failure to "seasonably" supplement discovery was adequate because potential prejudice to opponent was "serious"); Jackson v. Harvard University, 900 F.2d 464, 469 (1st Cir. 1990) (wilful of deliberate misconduct necessary for preclusion of testimony or exclusion of evidence under Rule 37); Chappee v. Vose, 843 F.2d 25, 30 (1st Cir. 1988) (exclusion of expert testimony is proper where discovery violation was "lurid and unequivocal, and its genesis was inexcusably deliberate."). Further, it is clear from the record that both parties to this case have incurred in discovery delays and that part of Defendant's non-compliance with the Court's deadlines was caused by Plaintiff's unavailability for examination and failure to produce all necessary documentation. Finally, the Court finds that Plaintiffs will not suffer significant prejudice, if any at all, by Defendant's delay. The Court has modified all discovery



deadlines in this case, such that Plaintiffs will still have an opportunity to adequately prepare their case once Defendant's expert's reports have been served.

Accordingly, the Court **DENIES** Plaintiffs' motion to strike Defendant's expert witnesses and Plaintiffs' motion for a protective order. Notwithstanding, Defendant is **ORDERED** to notify its expert reports in full compliance with Rule 26 within **20 DAYS**.

**ABSOLUTELY NO EXTENSIONS OF TIME WILL BE GRANTED AND FAILURE TO COMPLY WITH THIS ORDER WILL RESULT IN THE EXCLUSION OF THE NONCOMPLYING EXPERT WITNESSES' TESTIMONY**

IT IS SO ORDERED.

Date: February 24, 2000.

DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE

N:\97-2265 dsc